JUAN R. DÍAZ, Plaintiff and Appellant, *v.* DISTRIBUIDORES R. C. A. VICTOR, INC., Defendant and Appellee.

No. 6386. Argued May 23, 1934.—Decided September 29, 1934.

*R. Cuevas Zequeira* for appellant. *M. Acosta Velarde* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

From a judgment against him, after demurrer sustained, the plaintiff appealed. The facts to be taken as true are as follows: that plaintiff is married to Margot Noya; that defendant Distribuidores R.C.A. Victor, Inc., made a conditional sale of a victrola to Margot Noya then unmarried; that ninety dollars were paid down and that the balance of seventy dollars was to be paid in monthly instalments of ten dollars each; that the said Margot Noya paid all the instalments and obtained a receipt therefor; that defendant, through its agent, began a complaint (*querella*) in the Municipal Court of San Juan, setting up a failure to pay for three instalments and seeking to obtain a return of the victrola; that judgment was rendered in favor of Margot Noya in the Municipal Court, etc.

The complaint before us also sets up that the *querella* in the municipal court was filed in bad faith, maliciously and without just cause; that the suit humiliated Margot Noya causing her considerable suffering and damages.

The court below was of the opinion that following *López de Tord* v. *Molina,* 38 P.R.R. 737 and *Serrallés* v. *Saurí,* 44 P.R.R. 390, no cause of action lay.

The appellant seeks to distinguish these cases or asks us to overrule them. *López de Tord* v. *Molina,·supra,* decides that an action founded on malice alone can not exist. We are inclined to agree. We see no reason, however, to vary from the later doctrine of *Serrallés* v. *Saurí, supra,* that Section 1803 of the Civil Code covers the field sufficiently.

We do not, therefore, agree with the appellee that Section 1803 would not include the case of malice. It would. What we do hold is that when a man maliciously begins a civil suit against a defendant the latter may have a suit subject to certain conditions. The mere fact that the suit was filed maliciously does not alone cause an action to arise. The plaintiff must allege some substantial matter of damage. In other words, there must be some averment to take the case out of the field of *damnum absque injuria.* In a criminal case the malicious prosecution without probable cause is by itself enough to cause some damage.

We have considered the jurisprudence cited by both sides. The courts of the continent are in hopeless conflict as to whether any cause of malicious prosecution arises because of a civil suit.

In England, originally, a cause of action lay, but the statute of Marlbridge giving costs was supposed to be adequate compensation. Other courts like our own in *Serrallés* v. *Saurí, supra,* decide that costs or bonds in attachments do not cover the whole field of damages.

Now, when a civil suit is filed and no other action is taken to injure the defendant there is as a rule no damage. In the case before us there was no attachment or other step to injure the original defendant.

We do not care to exclude the possibility that certain suits, malicious in their nature, might produce damages, but the filing of a civil suit in itself has no damaging character.

532

This consideration some of the courts, denying a cause of action, had in mind and they also held that the courts should be open to litigants generally without serious consequences.

Examining the complaint, we do not find and can not hold that sufficient elements of damage are alleged. Nor can we conceive that the defendant was seriously incommoded.

It is true that in a municipal court there are no attorney's fees, but in the courts generally there are. Rules of law are for cases of frequent occurrence. *Ad ea quae frequentius accidunt jura adaptantur.* Besides, we would naturally question whether the "querella" was anything more than the mistake of a collecting agent. What possible motive could a company have to file a suit so uselessly?

The appellee also draws attention to the fact that there is nothing in the present complaint to show that the former suit was begun after Margot Noya was married. There is this doubt, but we do not care to found our opinion on this possible omission of the pleader.

The judgment should be affirmed.